UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-cr-00094-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JAMES VICTOR BROADHURST,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se motion to reduce

sentence. (Doc. No. 22). The Government opposes Defendant's motion. (Doc. No. 25). Because

Defendant is ineligible for sentence reduction under Amendment 821 to the Sentencing

Guidelines, the Court will deny Defendant's motion.

## I.     Background

In April 2022, Defendant was indicted and charged with possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g). (Doc. No. 1). Defendant entered into a plea

agreement with the United States and pleaded guilty to the firearm offense. (Doc. Nos. 2, 6). The

probation office submitted a presentence report, calculating a total offense level of 19 and

criminal history category of VI. (Doc. No. 15). The probation office assessed Defendant 14

criminal history points: 12 for his prior convictions, and two for committing the instant offense

while on federal supervised release. (Id.). Based on his offense level of 19 and criminal history

category of VI, the probation office concluded that the Sentencing Guidelines advised a sentence

between 63 and 78 months in prison. (Id.).

1

At sentencing, the Court varied downward by one offense level, yielding a guideline range between 57 and 71 months in prison, and sentenced Defendant to 57 months imprisonment. (Doc. No. 19). While in Bureau of Prisons custody, Defendant has committed five disciplinary infractions. Most recently, he was cited for using drugs or alcohol in January 2024.

## II.    Legal Standard

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense; (6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in

2

connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

## III.    Discussion

The Government argues that Defendant is ineligible for sentence reduction under Amendment 821 to the Sentencing Guidelines. The Court agrees.

Defendant is ineligible for reduction under Part B, Subpart 1, of Amendment 821 because he was assessed more than zero criminal history points. And even though Defendant received two criminal history points for committing the instant offense while on supervised release (a criminal justice sentence), he remains ineligible for reduction under Part A of Amendment 821. Because Defendant was assessed more than six criminal history points for his prior convictions, Defendant would ordinarily be eligible for a retroactive reduction of one criminal history point under Amendment 821. Here, though, a reduction of one criminal history point would not reduce Defendant's criminal history category: even if Defendant's criminal history point total was decreased from 14 to 13, he would still fall within criminal history category VI. And even if the reduction of Defendant's criminal history point total <u>did</u> reduce Defendant's criminal history category, this Court varied downward to the same guideline range that would apply if Defendant's criminal history calculation placed him in category V. Because a defendant is ineligible for sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2)(B), and because Amendment 821 does not lower this Defendant's applicable guideline range, Defendant is ineligible for sentence reduction under Amendment 821.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion to reduce sentence, (Doc. No. 22), is **DENIED**.

Signed: April 4, 2024

United States District Judge